**John E. GOODRICH, Appellant,**

v.

**SUPREME COURT OF the STATE OF SOUTH DAKOTA et al., Appellees.**

No. 74–1182.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1974.

Decided March 7, 1975.

Charles Poches, Jr., Fort Pierre, S. D., for appellant.

Marvin Truhe, Asst. Atty. Gen., Pierre, S. D., for appellees.

Before MATTHES, Senior Circuit Judge, HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

John E. Goodrich appeals from an order of the United States District Court for the District of South Dakota denying his application to temporarily enjoin the defendants from continuing with a disbarment proceeding investigating the charge that Goodrich was guilty of unprofessional conduct and dismissing the complaint.[1]

█ The appellant is an attorney who, at the time of his complaint, was admitted to practice in the State of South Dakota. His suit, brought under 42 U.S.C. § 1983, alleged that the state's disbarment procedure and the evidentiary hearing held before an appointed referee[2] did not comport with his constitutional right to due process.[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1343(3). See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

█ Whether a federal court should intervene in an ongoing state judicial proceeding investigating the conduct of an attorney under authority of the Civil Rights Act is controlled by principles of federal-state comity. Before exercising its equitable power to enjoin the state proceeding, the District Court must find the plaintiff threatened with great and immediate irreparable injury that cannot be eliminated by his defense to the state proceeding. Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Here, Goodrich neither alleged in his complaint nor argued orally the presence of extraordinary circumstances warranting federal intervention. As stated by the Supreme Court in Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1942):

* * * Congress, by its legislation, has adopted the policy * * * of leaving generally to the state courts the trial of criminal cases arising un-

1. The complaint against the South Dakota State Bar Association and Kermit A. Sande, South Dakota Attorney General, was dismissed for failure to state a claim upon which relief could be granted. Since the requested temporary injunction against the South Dakota Supreme Court was denied, no consideration was given to the appellant's motion to amend his complaint to state a cause of action against the justices individually. The appellant does not directly challenge this action of the District Court and we express no views thereon.

2. The referee, who was appointed by the State Supreme Court, recommended that Goodrich be permanently disbarred.

3. A more detailed account of the procedural history of this case is found in the District Court's Memorandum and Order filed February 14, 1974, Civ. 73–3036(CD).

der state laws, subject to review by this Court of any federal questions involved. Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent * * *.

*Id.* at 163, 63 S.Ct. at 881 (Citations omitted.)

The denial of the requested temporary injunction was proper.[4] Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Younger v. Harris, *supra*; *cf.,* Polk v. State Bar of Texas, 480 F.2d 998 (5th Cir. 1973).

■ Subsequent to the dismissal of the case by the District Court, and before the matter was heard by this Court, the Supreme Court of South Dakota, upon review of the referee's findings of fact and conclusions of law, permanently disbarred Goodrich from the practice of law. That court considered and expressly decided, adversely to Goodrich, the identical due process issues previously raised before the District Court.[5] Notwithstanding this prior decision of the

state court, Goodrich argues that he has a right to a federal determination of his constitutional claims and requests that the cause be remanded to the District Court for that purpose.[6]

The appellant seeks to relitigate in the federal court the identical due process claims previously decided by the state court. His request for remand must, accordingly, be denied. The issues previously decided are *res judicata* and cannot again be litigated in the federal court.[7] *See* Mastracchio v. Ricci, 498 F.2d 1257 (1st Cir. 1974); PI Enterprises, Inc., et al. v. Cataldo, 457 F.2d 1012 (1st Cir. 1972); Phillips v. Shannon, 445 F.2d 460 (7th Cir. 1971); Howe v. Brouse, 422 F.2d 347 (8th Cir. 1970); Ames v. Vavreck, 356 F.Supp. 931 (D.Minn.1973).[8] Had Goodrich chosen not to present his constitutional claims as a defense to the disbarment proceeding, we would be faced with a different case. *See* Lombard v. Board of Education of City of New York, 502 F.2d 631 (2nd Cir. 1974); Ney v. California, 439 F.2d 1285 (9th Cir. 1971); Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965). Moreover, the facts do not require us to decide whether 42 U.S.C. § 1983 can be used as a removal provision reserving to a state defendant the right to a federal determination of his consti-

4. The principles of equity, comity, and federalism that limit the power of the federal courts to intervene in ongoing state criminal proceedings may be less restrictive when the proceeding sought to be enjoined is civil in nature. Mitchum v. Foster, 407 U.S. 225, 244, 92 S.Ct. 2151, 32 L.Ed.2d 705 (Burger, J. concurring). State disbarment proceedings are, however, quasi-criminal in nature, In Re Ruffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), and the appellant has offered no reason why the principles of Younger v. Harris, 401 U.S. 137, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), should not be fully applicable.

5. The opinion of the Supreme Court of South Dakota is reported at 216 N.W.2d 557, cert. denied, 419 U.S. 1092, 95 S.Ct. 686, 42 L.Ed.2d 685 (1974).

6. Appellant Goodrich does not delineate his theory of relief on remand. We assume that he can amend his complaint to state a cause of action under 42 U.S.C. § 1983.

7. The correctness of giving *res judicata* effect to issues previously decided by a state court

in § 1983 actions has been questioned. *See* Prieser v. Rodriguez, 411 U.S. 475, 509 n. 14, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (Brennan, J. dissenting); Moran v. Mitchell, 354 F.Supp. 86 (E.D.Va.1973); McCormack, Federalism and Section 1983: Limitations on Judicial Enforcement of Constitutional Claims, Part II, 60 Va.L.Rev. 250 (1974).

8. In Jones v. Hulse, 391 F.2d 198 (8th Cir.), cert. denied, 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968), we declined to entertain an action alleging violations of 42 U.S.C. § 1983 where the claims raised had been previously decided by the state court on the ground that federal courts are without jurisdiction to review, in an appellate capacity, state courts. It is clear from the cases cited in *Jones,* however, that where the federal action is brought under 42 U.S.C. § 1983, the federal court does have jurisdiction to consider the constitutional claims not previously decided by the state court. 28 U.S.C. § 1343(3). *See* Jenson v. Olson, 353 F.2d 825 (8th Cir. 1965); Hanna v. Home Ins. Co., 281 F.2d 298 (5th Cir. 1960), cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961).

tutional claims under England v. Louisiana Medical Examiners, 375 U.S. 411, 422 n. 13, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).[9]

For the reasons stated, we affirm the denial of the temporary injunction and deny the appellant's request for a remand.

---

9. Although the District Court dismissed the appellant's complaint, it is clear from the record, the briefs and the oral argument that Goodrich voluntarily submitted his due process claims to the State Supreme Court for decision. *See* Trial Lawyers Assoc. v. N. J. Supreme Court, 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973) (per curiam).