**Basil D. KTSANES, Plaintiff-Appellant,**

v.

**Honorable Robert C. UNDERWOOD et al., Defendants-Appellees.**

**No. 76–1623.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1976.

Decided March 23, 1977.

Jason E. Bellows, Chicago, Ill., for plaintiff-appellant.

William J. Scott, Atty. Gen., Herbert Lee Caplan, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge,[1] and SWYGERT, Circuit Judge.

SWYGERT, Circuit Judge.

Rule 705 of the Illinois Supreme Court (Smith-Hurd Ill.Ann.Stats. Ch. 110A § 705) provides that an attorney who has resided and practiced law in another state for five years may, upon passing a character and fitness test, be admitted to the bar of Illinois.[2] The rule further provides that an otherwise qualified attorney who has practiced in another state is ineligible to apply for admission if that attorney has previously taken and failed an Illinois bar examination.[3]

This appeal presents two issues: (1) whether the Illinois Supreme Court's denial of plaintiff-appellant's petition for waiver of Rule 705(d) and admission to the bar of Illinois on foreign license is a judicial proceeding directly reviewable by the United States Supreme Court, thus rendering the district court without jurisdiction to consider an attack on that denial; and if not, (2) whether the plaintiff-appellant presented a substantial federal question requiring the convening of a three-judge court. We

hold that the petition for waiver of Rule 705(d) and its denial did not constitute a judicial proceeding appealable to the United States Supreme Court. We further hold that a substantial federal question exists which requires the consideration of a three-judge court.[4]

Plaintiff Basil D. Ktsanes brought this action against the Justices of the Illinois Supreme Court and the members of the State Board of Law Examiners pursuant to 42 U.S.C. § 1983. Plaintiff requested the convening of a three-judge court under 28 U.S.C. § 2281 for a declaration that Rule 705(d) of the Supreme Court of Illinois is void and unenforceable, and for an injunction against enforcement of the rule by defendants. The plaintiff alleged that Rule 705(d) violates the Equal Protection Clause of the Fourteenth Amendment.

The district court granted defendants' motion to dismiss, refusing to convene a three-judge court. This appeal followed.

Plaintiff was born in Illinois and resided there until he went to Louisville, Kentucky to attend law school. He graduated in June 1967 and returned to Illinois where he took the Illinois bar examination in July and

---

1. Senior Circuit Judge John S. Hastings heard oral argument and participated in the conference of the court, but died before this opinion was submitted to him for approval.

2. Illinois Supreme Court Rule 705 provides in part:

    (a) Any person who has been admitted to practice in the highest court of law in any other State or territory of the United States or the District of Columbia, or admitted to practice as an attorney (or the equivalent) in another country whose jurisprudence is based upon the principles of the English common law, may make application to the Board of Law Examiners for admission to the bar without examination upon the following conditions:

    (1) The educational qualifications of the applicant are such as would entitle him to write the bar examination in this State at the time he seeks admission; and he has resided and actively and continuously practiced law in such other jurisdiction for at least three years within the period of five years immediately prior to making application in Illinois.

    (2) Any person who is unable to meet the requirements set forth above in (1) may be

admitted to the bar of Illinois without examination if he has actively and continuously practiced law in such other jurisdiction for a period of at least five years within the period of seven years immediately prior to making application in Illinois.

    \* \* \* \* \* \*

    (c) In the event the Board of Law Examiners shall find that such applicant meets the requirements of this rule and has received from the Committee on Character and Fitness its certification of good moral character [and general fitness to practice law,] the board shall certify to the court that such applicant is qualified for admission.

3. Rule 705(d) provides:

    An applicant who has taken and failed to pass the bar examination in Illinois shall not be eligible to apply for admission on foreign license.

4. Because this action in the district court was commenced before August 12, 1976, the applicability of 28 U.S.C. § 2281 is not affected by the repeal of that statute by Pub.L.No. 94–381 [S.537]; August 12, 1976; 90 Stat. 1119.

failed to pass. When he could not find satisfactory employment in Illinois, plaintiff returned to Louisville where he found a position with the Jefferson County Attorney's office.

In July 1968 the plaintiff passed the Kentucky bar examination and was appointed as assistant county attorney. In April 1969 he accepted a position as legal assistant to the Governor of Kentucky in the Department of Finance, and in August 1970 was promoted to deputy finance commissioner. He also served as an assistant commonwealth attorney.

A reciprocity agreement permitting admission on foreign license exists between Illinois and Kentucky. Plaintiff requested an application from the Illinois State Board of Law Examiners; it was denied under Rule 705(d) because he had previously failed the Illinois bar examination. He then petitioned the Justices of the Illinois Supreme Court for an exemption from the rule. The petition was denied in March 1975. Ktsanes subsequently filed this action in federal court under section 1983.

The threshold issue is whether there was jurisdiction to hear a constitutional challenge to Rule 705(d) in the district court. If jurisdiction exists, we must decide whether the issues present a substantial federal question, necessary in order to convene a three-judge court.

## I

█ The Attorney General of the State of Illinois on behalf of the defendants argues that there is no jurisdiction to hear this case because it amounts to a review of a decision of the Illinois Supreme Court by a federal district court. Proper procedure, he contends, would have been an appeal from the Illinois court directly to the Supreme Court of the United States under 28 U.S.C. § 1257. We do not agree.

The United States Supreme Court in a previous challenge to the right of the Illinois Supreme Court to exclude a person from the bar of that state considered the requirement of a case or controversy under Article III of the federal Constitution. *In re Summers,* 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945). In that case the plaintiff, a conscientious objector, had been excluded from the bar because he would not take the required oath to support the constitution of Illinois. He alleged that the exclusion was in violation of the Due Process clause of the Fourteenth Amendment based upon First Amendment freedom of religion grounds. Summers had completed all the prerequisites for admission to the bar except that the committee on character and fitness had not certified him. He filed a petition for admission in the Illinois Supreme Court, alleging that he had been refused the certificate because he was a conscientious objector and that this was in violation of the Fourteenth Amendment. The petition was denied. In the United States Supreme Court, the defendants, the Justices of the Illinois Supreme Court, argued that the constitutional issue raised could not be considered because there was no case or controversy and the Supreme Court, therefore, lacked jurisdiction. The Court held, however, that a true controversy did exist.

The standard used in such a determination is necessarily a federal one arising from the requirement in Article III, § 2, Cl. 1 of the Constitution.[5] *In re Summers, supra* at 566, 65 S.Ct. 1307; *Nashville, C. & St. L. Ry. Co. v. Wallace,* 288 U.S. 249, 259, 53 S.Ct. 345, 77 L.Ed. 730 (1933). The question must have assumed "such a form that

---

**5.** Article III, § 2, Cl. 1 of the Constitution reads:

The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made; under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State; —between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

the judicial power is capable of acting on it", *In re Summers, supra* at 567, 65 S.Ct. at 1311; *Osborn v. Bank,* 22 U.S. (9 Wheat.) 738, 819, 6 L.Ed. 204 (1824), and be more than a "desire for an abstract declaration of the law." *In re Summers, supra* at 567, 65 S.Ct. at 1311; *Fairchild v. Hughes,* 258 U.S. 126, 129, 42 S.Ct. 274, 66 L.Ed. 499 (1922); *Muskrat v. United States,* 219 U.S. 346, 361, 31 S.Ct. 250, 55 L.Ed. 246 (1911). Although the proceedings in *Summers* were informal and had not been treated as judicial by the Illinois Supreme Court, that court had considered the petition on its merits and rejected it. The Supreme Court of the United States found this treatment had developed the issue sufficiently to make the proceeding adversary.

In the instant case we have exactly the opposite set of circumstances. When Ktsanes petitioned the Illinois court, the petition was merely one for exemption from the rule, not a challenge of it. There was no "claim of a present right to admission to the bar of a state and a denial of that right" which the *Summers* Court held to create a case or controversy under Article III. *Summers, supra* at 568, 65 S.Ct. at 1307. Ktsanes never argued the question of the validity of Rule 705(d) before the Illinois Supreme Court. He was asking for ministerial action, not judicial determination. The denial of his petition was made by the court acting in an administrative capacity. *See Law Students Research Council v. Wadmond,* 401 U.S. 154, 158 n. 9, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971); *Lathrop v. Donohue,* 367 U.S. 820, 827, 81 S.Ct. 1826, 6 L.Ed.2d 1191 (1961). That denial did not present a case or controversy cognizable by an Article III court, and, thus, was not appealable to the Supreme Court of the United States.

The constitutional questions raised by this case were first asserted in the district court; the equal protection issue had nowhere before been litigated. The cases cited by the Attorney General for the proposition that determinations of state courts are appealable only to the United States Supreme Court are inapposite here. *In re Summers, supra; Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 195 (1876); *Cheramie v. Tucker,* 493 F.2d 586 (5th Cir. 1974). Those cases involve instances in which the issues were fully developed or in which adversary proceedings had been held. Unlike the instant case, they were appealable to the Supreme Court because they presented cases or controversies within the meaning of Article III.

Defendants present several cases to support their contention that a lower federal court cannot hear a challenge to the denial of admission to a state bar. *Doe v. Pringle,* 550 F.2d 596 (10th Cir. 1976); *Feldman v. State Board of Law Examiners,* 438 F.2d 699 (8th Cir. 1971); *MacKay v. Nesbitt,* 412 F.2d 699 (9th Cir. 1969); *Jones v. Hulse,* 391 F.2d 198 (8th Cir. 1968). They point to the language in these cases which states, in effect, that admission, discipline, and disbarment of members of a state bar are matters for the state courts, and that federal district courts do not sit as courts of appeal on such matters. This language is generally true; however, the Supreme Court commented in *Schware v. Board of Bar Examiners of the State of New Mexico,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957):

Admission to practice in a State and before its courts necessarily belongs to that State. Of course, legislation laying down general conditions of an arbitrary or discriminatory character may, like other legislation, fall afoul of the Fourteenth Amendment. 353 U.S. at 248, 77 S.Ct. at 761.

This is just such a case, in which the rule "laying down general conditions" is claimed to be discriminatory.

## II

■ Since jurisdiction did exist in the federal district court, we must next determine whether a three-judge court is necessary to hear the case. Defendants argue that no substantial federal question is raised by plaintiff's constitutional challenge

to Rule 705(d). The Supreme Court has held that in order to defeat a motion for a three-judge court on this ground, the constitutional attack must be "insubstantial," *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), and that this equates with "essentially fictitious," *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), "obviously frivolous," *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 54 L.Ed. 482 (1910), or "obviously without merit," *Ex parte Poresky*, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). Thus, in effect, a claim is insubstantial "only if the prior decisions inescapably render the claims frivolous", and not merely doubtful. *Goosby v. Osser, supra* at 518, 93 S.Ct. at 859.

There appears to be no Supreme Court case or cases from this circuit which would obviously control the result in this appeal. Defendants' argument on this issue is twofold: (1) the Supreme Court has decided that different classes of individuals may be treated differently, and this case involves such classes; and (2) this is merely a case of "incidental individual inequality," the kind of case which the Court has held to be not a violation of equal protection.

In addressing defendants' first contention, we note that this is indeed a case involving two different classes. To observe this, however, is not the answer. What is important when a classification is challenged on equal protection grounds is whether there is a rational connection between that classification and some legitimate state interest. This determination goes to the very merits of the claim, and we have not found any controlling decision so as to be able to say that the claim is obviously frivolous. The only case which appears to be on point is *Application of Brewer*, 430 P.2d 150 (Alas.1967). That state case does not control this court on the issue of whether a substantial federal question has been raised however persuasive it may be in the final outcome.

We also find defendants' second contention to be without merit. This matter cannot be characterized as one of merely "incidental individual inequality." That phrase is taken from the case of *Phelps v. Board of Education*, 300 U.S. 319, 57 S.Ct. 483, 81 L.Ed. 674 (1937), and has been explained by this court to mean that "the question of whether a classification passes constitutional muster cannot be answered by assessing its chance effect upon a particular individual." *Whitfield v. Illinois Board of Law Examiners*, 504 F.2d 474, 476 (7th Cir. 1974). In *Whitfield* the plaintiff claimed that the Illinois bar examination had no connection with an applicant's fitness or capacity to practice law. His claim was based on the fact that he had failed to pass the bar examination after taking it five times, although he alleged his background demonstrated his capability to practice. This court assumed *arguendo* that his background so demonstrated, but found that it was a case of incidental individual inequality, and that the bar examination, in general, was rationally connected to an applicant's capabilities.

The instant case is distinguishable. Plaintiff disputes any rational connection between the fact that one has previously failed the Illinois examination and that person's ability to practice law in Illinois when that person meets the same criteria as an attorney who may be admitted on a foreign license but who has never taken the examination. His claim is not based on the fact that the challenged classification works an inequality in his individual case. Rather, he challenges the rationality of the connection between that classification and the state interest it purportedly serves. We cannot decide whether plaintiff's situation is merely an isolated case of inequality without passing on the merits of his claim. Consequently, that question is reserved for the trial court upon a full consideration of the issue.

We conclude that a substantial federal question exists and that a three-judge court should be convened to hear this matter.

The decision of the district court is reversed.