**Basil D. KTSANES, Plaintiff-Appellant,**

v.

**Honorable Robert C. UNDERWOOD et al., Defendants-Appellees.**

No. 76–1623.

United States Court of Appeals, Seventh Circuit.

Aug. 15, 1977.

Jason E. Bellows, Chicago, Ill., for plaintiff-appellant.

William J. Scott, Atty. Gen., Herbert Lee Caplan, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

On Petition for Rehearing.

PER CURIAM.

The petition for rehearing filed by the Attorney General of the State of Illinois on behalf of the defendants-appellees interprets the court's opinion, which is published at 552 F.2d 740, in a manner not intended. So as to correct any misunderstanding as to the scope of our decision, we believe the following explanation is appropriate.

In his complaint, Ktsanes requested that a three-judge court be convened to hear his constitutional claim. A single district judge may properly dismiss a complaint in which a three-judge court is requested if he concludes that the federal courts lack jurisdiction to hear the case. *Ex parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The district court did hold that it did not have jurisdiction over Ktsanes' complaint. It did so, however, on the grounds that: (1) there is no federal jurisdiction to review a "final decision of the Illinois Supreme Court relating to admission to its bar"; and (2) the Illinois rule did not violate the Equal Protection Clause. This court concluded that the issues which the district court decided, while purportedly jurisdictional, were so bound up with the merits that they should not have been reached by a single judge if the case otherwise met the requirements for the convening of a three-judge district court.

■ This court then proceeded to determine whether there were any purely jurisdictional bars to federal consideration of the case. In doing so, it decided only two issues. First, it concluded that defendants' denial of plaintiff's request for an exemption from Rule 705(d) of the Supreme Court of Illinois was purely an administrative act and did not qualify as a "case or controversy" under Article III of the Constitution so as to render it directly appealable to the Supreme Court of the United States. Thus, there existed no jurisdictional bar under the doctrines of *res judicata* or collateral estoppel to federal consideration of plaintiff's constitutional claims because plaintiff's action was not a collateral attack upon a *judicial* decision rendered by the Illinois Supreme Court.*

Second, this court decided that the claim presented a substantial federal question sufficient to warrant both federal jurisdiction and the convening of a three-judge district court under 28 U.S.C. § 2281.

■ Because we concluded that a three-judge court was required, we did not, contrary to the Attorney General's assertion, decide the merits of the case. A three-judge court must still determine: (1) whether on grounds of comity and federalism a federal court is precluded from reviewing the State of Illinois' rejection of an applicant for the Illinois bar, and (2) if not, whether the Illinois rule challenged by Ktsanes violates the Equal Protection Clause. Thus, the scope of the court's decision was far narrower than the State contends.

Accordingly, we reaffirm our previous holding and deny the petition for rehearing.

---

* Compare *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122 (7th Cir. 1977).