Harris L. KIMBALL, Plaintiff,

v.

The FLORIDA BAR, Earl Hadlow, President of The Florida Bar, Marshall Cassidy, Executive Director of The Florida Bar, James Urban, President-Elect of The Florida Bar, and Patrick G. Emmanuel, Douglass B. Shivers, Terry R. McDavid, C. Harris Dittmar, James E. Cobb, Andrew G. Pattillo, Jr., Howard P. Rives, Alan C. Sundberg, William E. Sherman, James E. Clayton, Russell Troutman, Lee Jay Colling, M. Craig Massey, Leland E. Stansell, Jr., Robert L. Floyd, Paul A. Louis, Edward J. Atkins, Sam I. Silver, J. B. Spence, John F. Burket, Jr., Thomas C. MacDonald, Jr., John R. Parkhill, William E. Harris, John M. Farrell, William A. Foster, Helio Gomez, Russell E. Carlisle, John S. Neely, Jr., Leon C. Stromire, John R. Gould, Earl Drayton Farr, Jr., David E. Ward, Jr., Richard H. Adams, Jr., Members of the Board of Governors of The Florida Bar, Defendants.

No. 74–668–Civ–NCR.

United States District Court, S. D. Florida, Ft. Lauderdale Division.

Jan. 19, 1979.

Louis M. Jepeway, Jr., Miami, Fla., for plaintiff.

Charles A. Kimbrell, Miami, for Florida Bar.

Darrey A. Davis, Miami, Fla., James D. Whisenand, Deputy Atty. Gen., Tallahassee, Fla., for defendants.

## ORDER

ROETTGER, District Judge.

THIS CAUSE is before the court on motion by defendants to dismiss.[1] Defendants claim that plaintiff's complaint fails to state a claim upon which relief may be granted; that the court lacks jurisdiction of the subject matter; that defendants are protected by a shield of immunity, and that the cause of action is barred by the applicable statute of limitations.

The court is of the opinion that plaintiff is improperly before this court, and therefore defendants' motion to dismiss for lack of subject matter jurisdiction must hereby be granted.

In *Konigsberg v. State Bar of California*, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957) and *Schware v. Board of Bar Examiners of State of New Mexico*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957), the Supreme Court considered two cases which involved screening and disciplinary procedures of two different state bars. In both cases the Court found that it had jurisdiction over the cases, and that it would not be an impermissible interference with state bars for the Court to place their screening and disciplinary procedures under constitutional scrutiny. In *Konigsberg*, the Supreme Court wrote, "We recognize the importance of leaving States free to select their own bars, but it is equally important that the State not exercise this power in an arbitrary or discriminatory manner nor in such way as to impinge on the freedom of political expression or association." *Id.* 353 at 273, 77 S.Ct. at 733. Also, in *Schware*, the Court more plainly stated, "A state cannot exclude a person from the practice of law or from any other occupation in a

---

1. The case was remanded after a determination that abstention was improper. *Kimball v. Florida Bar*, 5 Cir., 537 F.2d 1305 (1976).

manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." *Id.* at 238, 77 S.Ct. at 756.

■ It is thus clear that state bar procedures for excluding or disciplining attorneys are subject to constitutional review by the United States Supreme Court on writs of certiorari to state supreme courts.

■ In this case, however, the court cannot reach the substantive merits of plaintiff's constitutional claim. It is without jurisdiction to do so. Plaintiff, after his disbarment by the Florida Supreme Court in 1957, should have petitioned the United States Supreme Court for a writ of certiorari to the Florida Supreme Court. He did not do so and he cannot now collaterally attack that disbarment decision in the United States District Court.

From the record in this cause, it appears plaintiff was charged by the Florida Bar on June 21, 1956 with behavior contrary to good morals and in violation of state law. The charges stemmed from homosexual activity engaged in by plaintiff on a public beach. After a hearing before a referee, the referee recommended to the Board of Bar Examiners that the plaintiff should be disbarred. The Board agreed with the referee, and on March 20, 1957 filed its judgment with the Clerk of the Florida Supreme Court. Thirty days passed and no petition for review to deny or modify was filed. The Florida Supreme Court then approved Board's judgment on September 6, 1957. The court observes that *Konigsberg* and *Schware* were decided by the Supreme Court several months earlier.

It is well settled in several other Circuits "that disciplinary orders of the highest court of a state may be reviewed federally only in the Supreme Court by petition for certiorari and not suits in the district courts." *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122 at 125 (7th Cir. 1977). "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower fed-

eral court." *MacKay v. Nesbett,* 412 F.2d 846 (9th Cir. 1969), *cert. denied* 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425. The Tenth Circuit has reached the same result in *Doe v. Pringle,* 550 F.2d 596 (10th Cir. 1976), *cert. denied* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227. The Eighth Circuit's position is articulated in *Feldman v. State Board of Law Examiners,* 438 F.2d 699 (8th Cir. 1971) and *Goodrich v. Supreme Court of South Dakota,* 511 F.2d 316 (8th Cir. 1975). Also the Fourth Circuit's opinion in *Richardson v. McFadden,* 563 F.2d 1130 (4th Cir. 1977) *cert. denied* 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 is persuasive. In that case, the majority recognized the similar jurisdictional issue presented here, but declined to base its affirmance of the district court's dismissal on that reason. However, the concurring opinion of Judge Kenneth Hall explicitly adopted the reasoning of the other circuits, and urged the court to base its ruling on the lack of subject matter jurisdiction.

Judge Hall mentions in his opinion "that there is some authority to the contrary in the Seventh and perhaps the Fifth Circuits" *Id.* at 1134. However that "authority" does not seem well defined, and it is highly questionable whether it exists at all. For example, the line cited from *Whitfield v. Illinois Board of Law Examiners,* 504 F.2d 474 (7th Cir. 1974) by Judge Hall is dictum. Also, a reading of other Seventh Circuit authority indicates that final decisions of a State Supreme Court which are deemed "judicial" acts are reviewable only by certiorari in the United States Supreme Court. *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122 (7th Cir. 1977); *compare Ktsanes v. Underwood,* 552 F.2d 740 (7th Cir. 1977) which sustained district court jurisdiction when the State Supreme Court acted ministerially; not judicially. The case of *Tyler v. Vickery,* 517 F.2d 1089 (5th Cir. 1975) *cert. denied,* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393, does not deal with any acts of a State Supreme Court, judicial or ministerial, and therefore does not apply here.

■ From the cases cited above, it appears clear that review of a State Supreme Court judicial decision is not reviewable in this court. Thus, the question: Was the

Florida Supreme Court's affirmance of the Board of Bar Examiners judgment without a petition for review from plaintiff a judicial or ministerial function? The court concludes that the Florida Supreme Court considered the full record in the case and the merits of the Board's judgment. Thus its subsequent judgment was a judicial function. *See In Re Summers*, 325 U.S. 561, 565–69, 65 S.Ct. 1307, 1310–12, 89 L.Ed. 1795 (1945); *Doe v. Pringle*, 550 F.2d 596 at 599; *Ktsanes v. Underwood*, 552 F.2d 740 at 743 *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122 at 125. It is clear that district courts in the Fifth Circuit have no jurisdiction to review orders of State Supreme Courts. *Aris v. Big Ten Taxi Corporation*, 441 F.2d 536 (5th Cir. 1971).

One factor that perhaps distinguishes the instant case from those previously cited is the fact that plaintiff did not litigate his constitutional claims in the state court. In *Goodrich v. Supreme Court of South Dakota*, 511 F.2d 316 (8th Cir. 1975) the Court intimated that its decision denying jurisdiction in the federal district court would have been different if plaintiff there had not presented "his constitutional claims as a defense to the disbarment proceeding." *Id.* at 318. However, in the Fifth Circuit, the law of *res judicata* has been given a clear interpretation. When a "state court acts judicially, the state court decision is *res judicata* and bars a decision by a federal court. [W]here the second action is based upon the same cause of action as that upon which the first action was based, the judgment is conclusive as to all matters which were litigated or *might have been litigated* in the first action." *Frazier v. East Baton Rouge Parish School Board*, 363 F.2d 861 (5th Cir. 1966). The Second Circuit in *Lombard v. Board of Education of City of New York*, 502 F.2d 631 (2nd Cir. 1974) distinguished *Frazier* as not applicable to procedural due process cases. However, in view of the history of this case, there is nothing to suggest that plaintiff has ever been denied procedural due process. Unless *Frazier* is modified, this court is bound to follow it instead of *Lombard*, and thereby disregard the Eighth Circuit's dictum in *Goodrich, supra* that its decision would be differ-

ent had plaintiff not fully litigated his due process issues in the lower courts.

*Konigsberg* and *Schware* were decided several months previously; consequently, plaintiff knew the route he should take to attack the disbarment ruling. But he elected not to proceed further. Perhaps he hoped for a shift in attitudes, or for favorable decisions subsequently, or merely accepted the ruling. Whatever his reasoning, the time for review passed. And this court lacks jurisdiction.

Accordingly, it is hereby

ORDERED AND ADJUDGED that this court lacks subject matter jurisdiction over this case and that plaintiff's complaint must be dismissed.

DONE AND ORDERED this 19th day of January, 1979.