### MERLE NORMAN COSMETICS, INC., Plaintiff–Appellant,

v.

### Jessie Louise VICTA, Defendant–Appellee.

### No. 90–55927.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 1991.

Decided June 26, 1991.

Before PREGERSON, BRUNETTI and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

Merle Norman Cosmetics, Inc. (Merle Norman) asked the United States District Court to enjoin Jessie Louise Victa (Victa) from proceeding with a lawsuit that she filed in state court. The state court action charges Merle Norman with age discrimination in violation of California law. The district court dismissed Merle Norman's complaint for injunctive relief. We affirm.

I

In September, 1985, Jessie Louise Victa, a former employee of Merle Norman Cosmetics, Inc., filed complaints of age discrimination with both the Equal Employment Opportunity Commission (EEOC) and the California Department of Employment and Fair Housing. After receiving a right-to-sue letter from the California agency, she filed suit in state court in 1986. She alleged that Merle Norman discriminated against her in violation of California law. Two years later, in September 1988, the EEOC acted on Victa's complaint. It filed a civil complaint in federal district court charging Merle Norman with age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA). The EEOC and Merle Norman eventually agreed on a stipulated judgment. It barred any future claims that Victa's discharge violated the ADEA, but it did not mention the alleged violation of California law, nor did it mention the pending state court lawsuit. Accepting the stipulated judgment, the district court dismissed the EEOC action with prejudice.

After the federal court case ended, Victa resumed prosecuting the state court action. Merle Norman then filed this action asking the United States District Court to enjoin the state court proceedings. Merle Norman argued that the state court proceeding is precluded by principles of res judicata and collateral estoppel, and that the district court has the power to enjoin the state court proceedings to protect its judgment in the EEOC case.

Kenneth E. Johnson, O'Melveny & Myers, Los Angeles, Cal., for plaintiff-appellant.

George W. Williams, Jr., Cooper, Brown & Scharf Pasadena, California, for defendant-appellee.

The district court denied Merle Norman's motion for summary judgment and ordered the case dismissed without determining the preclusive effect of the earlier stipulated judgment. The district court explained that the state court was in the best position to evaluate the preclusive effect of the federal court judgment. Merle Norman filed this timely appeal.

## II

The Anti–Injunction Act, 28 U.S.C. § 2283, provides only three exceptions to the general rule that courts of the United States shall not enjoin proceedings in state courts. A federal court may enjoin state proceedings only "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* Merle Norman asked the district court to grant an injunction under the third exception, to protect the judgment that the district court entered in the EEOC case. Because injunctions issued "to protect or effectuate" a court's judgment are often aimed at preventing relitigation of issues already decided in federal court, the third exception in the Anti–Injunction Act is known as the relitigation exception.

■ In *Chick Kam Choo v. Exxon Corp,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), the Supreme court stated that "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Id.* 108 S.Ct. at 1690. We have serious doubts whether it can be said that Victa's state law claim was actually decided by the stipulated judgment of the federal court case. We do not, however, need to resolve that issue. Nor did the district court. If the relitigation exception did apply, then the district court had the power to issue an injunction. Yet the district court was under no obligation to exercise that power on Merle Norman's behalf. As the Supreme Court noted, "the fact that an injunction *may* issue under the Anti–Injunction Act does not mean that it *must*

issue." *Id.* at 1692 (emphasis in original). The decision is "committed to the discretion of the district court." *Bechtel Petroleum v. Webster,* 796 F.2d 252, 253 (9th Cir.1986).

■ In considering whether to exercise their power to enjoin state court proceedings under the relitigation exception of the Anti–Injunction Act, district courts must be guided by "general principles of equity, comity, and federalism." *Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 526, 106 S.Ct. 768, 773, 88 L.Ed.2d 877 (1986) (citing *Mitchum v. Foster,* 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972)). In applying these principles, the district court acted entirely within its discretion when it determined that because nothing prevented Merle Norman from raising its defenses of res judicata and collateral estoppel in the California courts, it would not issue an injunction. State courts are just as capable as federal courts in applying applicable law. Doubts about the propriety of an injunction should be resolved " 'in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.' " *Bechtel Petroleum,* 796 F.2d at 253 (quoting *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977)). The district court's judgment is affirmed.

## III

■ In her brief on appeal, Victa asks for sanctions on the grounds that Merle Norman filed a frivolous appeal. Because we do not consider the appeal to be frivolous, we deny Victa's request for sanctions.

AFFIRMED.