**DAEWOO ELECTRONICS CORPORATION OF AMERICA, INC., Appellant,**

v.

**WESTERN AUTO SUPPLY COMPANY, Appellee.**

**No. 91–3761.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1992.

Decided Sept. 11, 1992.

Rehearing Denied Oct. 9, 1992.

George W.C. McCarter, Newark, N.J., argued, for appellant.

William E. Quirk, Kansas City, Mo., argued (William E. Quirk, W. Terrence Kilroy and Michael P. Allen, on the brief), for appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and MORRIS SHEPPARD ARNOLD,* District Judge.

BEAM, Circuit Judge.

Daewoo Electronics Corporation of America, Inc. (Daewoo) appeals from an order of the United States District Court for the Western District of Missouri[1] enjoining Daewoo from proceeding with an action against Western Auto Supply Company (Western Auto) pending in the Superior Court of New Jersey Law Division, Bergen County. On appeal, Daewoo argues that the district court order violates the federal Anti–Injunction Act, 28 U.S.C. § 2283, and is barred by general equitable principles. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I. BACKGROUND

On December 15, 1989, Daewoo filed a diversity action[2] against Western Auto in the United States District Court for the Western District of Missouri seeking damages in the amount of $73,250.05 allegedly due in payment for VCRs Daewoo delivered at Western Auto's request. Daewoo calculated its damages by subtracting from $251,160, the invoice price of the VCRs, "all credits and setoffs to which Defendant [Western Auto] is entitled." Joint Appendix at 11 and attached Exhibit A.

Western Auto admitted refusing to pay for the VCRs, but denied liability, alleging that the debt for the VCRs was properly set off against cover costs Western Auto incurred as the result of Daewoo's repudia-

* THE HONORABLE MORRIS SHEPPARD ARNOLD, United States District Judge for the Western District of Arkansas, sitting by designation. After this case was submitted, Judge ARNOLD was appointed to the Eighth Circuit Court of Appeals.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. Jurisdiction was based on 28 U.S.C. § 1332(a)(1).

tion of a separate contract for the sale of television sets. Joint Appendix at 17. Western Auto also filed a counterclaim alleging two additional facts. First, Western Auto alleged that it incurred cover costs of $186,416.20 as the result of Daewoo's breach of a contract for sale of televisions. Second, Western Auto alleged that:

> pursuant to contracts between plaintiff [Daewoo] and defendant [Western Auto], defendant owed plaintiff for the purchase of certain goods, less amounts to be credited defendant for warranty returns and that said indebtedness less the returns was Twenty–Three Thousand Three Hundred Fourteen and 08/100 ($23,314.08) Dollars as of January 23, 1990, said amount being reduced by any future warranty returns.

Joint Appendix at 18 ¶ 8. Western Auto subtracted the $23,314.08 it allegedly owed Daewoo from the $186,416.20 Daewoo allegedly owed Western Auto, arriving at a prayer for relief in the amount of $163,-102.12, "plus any amount of future warranty returns." Joint Appendix at 19.

On July 20, 1990, Daewoo's counsel moved to withdraw as counsel of record stating that lack of cooperation from Daewoo was severely hampering all efforts to prosecute Daewoo's claim and defend Western Auto's counterclaim. On August 8, 1990, the district court granted counsel's motion to withdraw conditioned upon Daewoo obtaining new counsel within thirty days from the date of the order. Daewoo failed to respond or to obtain new counsel. On September, 18, 1990, the district court dismissed Daewoo's complaint with prejudice for failure to prosecute. The court noted that forty days had passed since the order granting withdrawal was filed and that Daewoo had not obtained new counsel

or begun communicating with its current counsel.

The district court then granted Daewoo an additional thirty days to secure new counsel to defend the counterclaim, warning that if Daewoo failed to respond, the court would consider Western Auto's motion for default judgment on the counterclaim. Again, Daewoo failed to obtain new counsel. On November 16, 1990, the district court entered a default against Daewoo on Western Auto's counterclaim pursuant to Fed.R.Civ.P. 55. The district court ordered Western Auto to present evidence at a later hearing to assist the court in determining the amount of damages that should be entered against Daewoo.

On December 7, 1990, the district court heard Western Auto's evidence on counterclaim damages. At the hearing, Western Auto argued that the dispute over the $187,000 [3] cover costs for television sets Daewoo allegedly failed to deliver was adjudicated in Western Auto's favor by the district court's order dismissing Daewoo's complaint with prejudice. Western Auto sought to prove as damages on its counterclaim only amounts that Daewoo refused to pay on alleged warranty obligations. Western Auto presented evidence that its damages from unpaid warranty returns had significantly increased since the date the counterclaim was filed. The district court awarded Western Auto damages in the amount of $225,629.57 on the counterclaim for the warranty returns.[4]

On July 10, 1991, Daewoo filed a complaint against Western Auto in the Superior Court of New Jersey seeking to recover $187,000 allegedly due and owing to Daewoo pursuant to an agreement in which "plaintiff [Daewoo] agreed to sell and defendant [Western Auto] agreed to buy merchandise manufactured or distributed by

---

**3.** At the hearing Western Auto referred to the cover costs, originally stated to be $186,416.20 in the counterclaim, as $187,000. In fact, the counterclaim allowed an offset against this amount for $23,314.08 that Western Auto owed Daewoo, leaving Western Auto claiming damages of only $163,102.12 for the cost of cover. Both parties, however, have continuously used $187,000 as a shorthand in referring to Western Auto's alleged cover costs.

**4.** The district court also awarded Western Auto attorneys' fees in the amount of $15,000, finding that Daewoo acted in bad faith in bringing the suit as demonstrated by "its abandoning of its claim for damages, its frivolous objections to discovery, and its failure to respond to defendant's discovery motion and this court's orders." Joint Appendix at 34 ¶ 9.

plaintiff." Joint Appendix at 36 ¶ 1. The complaint referred to the litigation in the United States District Court for the Western District of Missouri recognizing that:

[d]efendant has claimed a set-off in the amount of $186,416.20, representing alleged "cover" expenses incurred by defendant after plaintiff was unable to deliver merchandise desired by defendant. Accordingly, defendant has refused to pay all or any part of the $187,000 that is due to plaintiff for the agreed merchandise.

Joint Appendix at 36 ¶ 2. In its answer, Western Auto denied liability and asserted res judicata as an affirmative defense.

Western Auto then moved in the United States District Court for the Western District of Missouri for an order enjoining Daewoo from prosecuting its suit in the Superior Court of New Jersey. Daewoo opposed, arguing that the Anti–Injunction Act, 28 U.S.C. § 2283, prohibits the issuance of such an injunction. On November 19, 1991, the district court, finding that the Missouri and New Jersey actions involve the same cause of action, enjoined prosecution of the New Jersey action in order to protect and effectuate its judgment pursuant to 28 U.S.C. § 2283.

## II. DISCUSSION

### A. The Anti–Injunction Act

■ The Anti–Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from interfering with proceedings in state courts.[5] The Supreme Court has interpreted the Act narrowly, holding that " '[l]egislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions.' " *Atlantic C. L.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) (quoting *Amalgamated Clothing Workers v. Richman Bros.*, 348 U.S. 511, 515–16, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955)). Congress designed three exceptions to the Act to ensure the effectiveness and supremacy of federal law. *Chick*

*Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988). A federal court injunction staying state proceedings is proper only if it falls within one of these three statutory exceptions. *Id.; In re Federal Skywalk Cases*, 680 F.2d 1175, 1182 (8th Cir.), *cert. denied*, 459 U.S. 988, 103 S.Ct. 342, 74 L.Ed.2d 383 (1982).

Western Auto claims that the present injunction falls within the relitigation exception to the Act and is necessary "to protect or effectuate" the district court's prior dismissal of Daewoo's complaint with prejudice. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo*, 486 U.S. at 147, 108 S.Ct. at 1690. "It is founded on the well-recognized concepts of res judicata and collateral estoppel." *Id.* See also *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 721 (5th Cir.1990) (the relitigation exception prevents "the costly and judicially wasteful redetermination of issues" already decided by a federal court), *cert. denied*, —— U.S. ——, 111 S.Ct. 1322, 113 L.Ed.2d 255 (1991). Accordingly, an essential prerequisite for application of the relitigation exception is that the claims the federal injunction insulates from litigation in state proceedings have actually been decided by the federal court. *Chick Kam Choo*, 486 U.S. at 148, 108 S.Ct. at 1690.

■ Daewoo argues on appeal that because its complaint in the District Court for the Western District of Missouri sought only $73,250 in damages while the complaint in the Superior Court of New Jersey seeks $187,000 in damages, the two claims must be different. Daewoo further claims that the $187,000 setoff issue arose on Western Auto's counterclaim, and that the district court's order dismissing Daewoo's complaint did not adjudicate the issue. Thus, Daewoo argues that it may properly raise the cover issue in the New Jersey state court.

---

5. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Daewoo's arguments misconstrue the nature of the district court's order. The district court dismissed Daewoo's complaint with prejudice. "A dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and bars further action between the parties." *Glick v. Ballentine Produce, Inc.*, 397 F.2d 590, 593 (8th Cir.1968).[6] By dismissing the complaint with prejudice, the district court dismissed all of Daewoo's claims against Western Auto for the underlying transaction, the sale of VCRs. *See Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir.1982). Daewoo cannot escape dismissal of its complaint for failure to prosecute in a federal district court by simply asking a state court for a different amount of damages on the same claim. Since dismissal of Daewoo's complaint with prejudice adjudicated the liability issue against Daewoo, it is immaterial whether Western Auto properly set off $187,000 against its debt to Daewoo. The dismissal extinguished Daewoo's underlying claim.

The district court, after considering the pleadings in both actions and the prelitigation correspondence between the parties' attorneys, found that the underlying issues of liability in both actions are the same. After a careful review of the record, we cannot say that this conclusion is in error. Accordingly, we find that the district court's injunction is within the relitigation exception to the Anti–Injunction Act because it is necessary to protect the district court's judgment. Thus, the Anti–Injunction Act does not bar the injunction.

### B. General Equitable Principles

■ The fact that an injunction may issue under the Anti–Injunction act does not mean that it must issue. The injunction must be an otherwise proper exercise of the district court's equitable power. Accordingly the district court below found

that Western Auto would suffer irreparable harm if injunctive relief were not issued because it would face relitigation of claims already adjudicated in its favor. Daewoo, however, argues for a higher standard. Daewoo argues that before the district court exercised its equitable power to enjoin a state proceeding, it should have found that Western Auto was "threatened with great and immediate irreparable injury that cannot be eliminated by his defense to the state proceeding." *Goodrich v. Supreme Court of South Dakota*, 511 F.2d 316, 317 (8th Cir.1975) (citing *Younger v. Harris*, 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971)).

In *Goodrich*, an attorney admitted to practice in South Dakota brought an action under 42 U.S.C. § 1983 alleging that the state's disbarment procedure violated his constitutional right to due process. We found that the principles of federal-state comity required that this higher standard be met before the district court could enjoin the state disbarment proceeding. We noted that as a general rule courts of equity, in the exercise of their discretionary powers, should refuse to interfere with or embarrass state court proceedings except in extraordinary cases where the threat of harm is severe and imminent. *Goodrich*, 511 F.2d at 318. Inherent in our reasoning was the understanding that the state has a strong interest in protecting the standards of its bar and in adhering to its disbarment procedure.

In contrast to *Goodrich*, no similarly important state interest is at stake here. The injunction in this case does not threaten the authority of the New Jersey judiciary or state law. Neither does the injunction challenge the processes by which New Jersey compels compliance with the judgments of its courts. New Jersey has no interest in the action enjoined by the district court beyond that of adjudicating a wholly pri-

---

**6.** Daewoo argues that the district court's dismissal for failure to prosecute did not act as an adjudication on the merits under the old Fed. R.Civ.P. 41(b) because the district court did not make findings as provided in Rule 52(a). However, even before the Rule was changed on December 1, 1991, deleting the direction for district courts to make findings, Rule 41(b) provided that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits." Furthermore, the district court here specifically ordered the dismissal "with prejudice."

vate dispute. Accordingly, considerations of comity do not require the district court to apply the *Goodrich* standard here. *See Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11, 13–14, 107 S.Ct. 1519, 1526, 1527, 95 L.Ed.2d 1 (1987); *Airlines Reporting Corp. v. Barry*, 825 F.2d 1220, 1225 (8th Cir.1987). Rather than interfere with New Jersey's interests, the injunction will promote judicial economy and protection of parties from harassing, duplicative litigation, interests which the federal and state courts share. *Airlines Reporting Corp.*, 825 F.2d at 1225.

Daewoo's reliance on *Lamb Enters., Inc. v. Kiroff*, 549 F.2d 1052 (6th Cir.), *cert. denied*, 431 U.S. 968, 97 S.Ct. 2926, 53 L.Ed.2d 1064 (1977), is similarly misplaced. In *Lamb*, the Ohio Supreme Court had already heard defendant's arguments against proceeding with the state action and had decided that more proceedings were in order before defendants obtained an injunction from the federal district court prohibiting further state court litigation. The Sixth Circuit, in reversing the district court, expressly held "that the peculiar posture of this litigation takes the case out of the class of proceedings traditionally dealt with under the 'relitigation exception' to § 2283." *Id.* at 1062. Indeed, the Supreme Court has recognized that the relitigation exception to the Anti–Injunction Act must be limited to those situations where the state court has not yet ruled on the merits of the res judicata issue. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 524, 106 S.Ct. 768, 772, 88 L.Ed.2d 877 (1986). In the present case, the New Jersey court has not yet ruled on the res judicata issue. New Jersey has no special interest in hearing the case. We will not apply the *Lamb* standard of review in these circumstances.

■ Daewoo brought its original action in the District Court for the Western District of Missouri. For reasons not articulated to the district court, Daewoo stopped communicating with its counsel, ignored orders of the court, and abandoned its claim for damages. The district court found that Daewoo's actions indicated Daewoo's bad faith in bringing the suit. Joint Appendix at 34. We agree with the district court that "Daewoo has more than had their day in court in this matter." Joint Appendix at 249. We find no abuse of discretion in the district court's order enjoining Daewoo from prosecuting the New Jersey action.

## III. CONCLUSION

For the reasons discussed above, the order of the district court is affirmed.