**CHEMRAY COATINGS
CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1364.**

United States Court of Federal Claims.

Jan. 21, 1993.

Timothy S. Kerr, Fort Washington, PA, for plaintiff.

Gerald M. Alexander, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## ORDER

NETTESHEIM, Judge.

At a status conference held on January 8, 1993, plaintiff's counsel of record, Timothy S. Kerr, orally moved to withdraw as counsel of record. Defendant and the court were provided with a facsimile copy of a motion that Mr. Kerr had lodged for filing. The court requested that defendant file a response to plaintiff's motion. Mr. Kerr indicated that he would not file a reply. His written motion was filed on January 11, 1993. Defendant filed its response on January 12, 1993.[1]

■ Mr. Kerr moves to withdraw pursuant to RCFC 81(d)(6). He alleges that plaintiff's chief executive officer, H. Peter Tepperman, refused to permit counsel to provide adequate representation by directing Mr. Kerr not to conduct important depositions of defendant's employees and forbidding him to attend depositions of plaintiff's personnel. Consequently, Mr. Kerr contends that he cannot prepare for litigation. Mr. Kerr represented that he had advised plaintiff of these concerns and of his pending motion.[2] Defendant does not object to Mr. Kerr's motion. However, defendant requests that the court order plaintiff to retain substitute counsel within 20 days or suffer a default judgment on its pending counterclaims.

■ RCFC 81(d)(7) provides that a corporation must be represented by counsel in order to prosecute an action in the Court of Federal Claims. Normally, if a plaintiff corporation fails to comply with this rule, the court may dismiss the case. *Sermor, Inc. v. United States*, 13 Cl.Ct. 1, 5–6 (1987). In this case defendant has filed substantial counterclaims. The issue presented by Mr. Kerr's motion is what happens to the pending counterclaims if and when plaintiff fails to retain new counsel.

Other courts addressing this issue have allowed a corporate plaintiff time to retain substitute counsel. If, however, a plaintiff fails to retain counsel, those courts have entered a default judgment (on motion of the defendant) on the pending counterclaims pursuant to Fed.R.Civ.P. 55(d). *London–Swiss Commodity Investors, Ltd. v. Donney Securities, Inc.*, 78 Civ. 5548 (MJL), slip op. (S.D.N.Y.1979); *see also Daewoo Electronics Corp. v. Western Auto Supply Co.*, 975 F.2d 474, 476 (8th Cir.1992). In *Daewoo* a corporate defendant severely hampered counsel's efforts to prosecute the corporation's claim. The district court ordered the corporation to secure new counsel. When the corporation failed to comply after a *sua sponte* extension of time, the court entered a default judgment on defendant's counterclaims.[3]

These cases support the relief requested by defendant. Accordingly, based on the foregoing,

IT IS ORDERED, as follows:

---

1. At defendant's request and pursuant to RCFC 52.1(b), the order filed on January 13, 1993, is reissued for publication this date.

2. The court discussed these issues with Mr. Kerr and defendant at the January 8 status conference.

3. The precise damage amount was determined at a later hearing.

1. Mr. Kerr's motion to withdraw is granted.

2. Plaintiff shall secure substitute counsel by February 16, 1993, both to prosecute its action and to defend against defendant's counterclaims.

3. If plaintiff fails to comply with this order, the court will dismiss its case for failure to prosecute pursuant to RCFC 41(b). Thereafter, defendant may move for entry of default judgment for the full amount of defendant's counterclaims. Should defendant file such a motion, briefing will be expedited pursuant to RCFC 77.1(b)(2).

4. The Clerk of the Court shall serve a copy of this order on plaintiff's chief executive officer, H. Peter Tepperman.