**DOMINIUM MANAGEMENT SERVICES, INC., Plaintiff,**

v.

**NATIONWIDE HOUSING GROUP, Nationwide Development Group, LP and Pinnacle Group Realty Management Company, Defendants.**

**No. CIV. 4–96–849–DSD/FLN.**

United States District Court, D. Minnesota, Fourth Division.

May 18, 1998.

Norman J. Baer, Joseph W. Anthony, Douglas L. Elsass, Fruth & Anthony, Minneapolis, MN, counsel for plaintiff.

Steven E. Rau, Paul M. Floyd, Rau & Floyd, Minneapolis, MN, Robert M. Smith, Smith Law Office, Minneapolis, MN, counsel for defendant Nationwide Housing.

Stan G. Roman, Bronson, Bronson & McKinnon, San Francisco, CA, Joseph W. Hammell, Lucy A. Dalglish, Dorsey & Whitney, Minneapolis, MN, Alan J. Gordee, Stephen R. Thames, Allen, Matkins, Leck, Gamble & Mallory, Irvine, CA, counsel for Pinnacle Group Realty.

## ORDER

DOTY, District Judge.

This matter is before the court upon the motion of Dominium Management Services, Inc. ("Dominium"), for an injunction to enjoin California state court proceedings. Based on a review of the file, record and proceedings, the court denies Dominium's motion.

## BACKGROUND

In August 1996, Dominium filed this action seeking a declaratory judgment that Dominium had an enforceable contract with Nationwide Housing Group and Nationwide Development Group, L.P., (collectively referred to as "NHG"), to acquire NHG's interests and to become the managing general partner, and that Pinnacle Realty Management Company ("Pinnacle") did not have any interest in NHG. Pinnacle filed counterclaims against Dominium for declaratory relief, intentional interference with a contractual relationship, and intentional interference with a prospective contractual relationship. Pinnacle also asserted cross-claims against NHG for breach of contract, breach of the implied covenant of good faith and fair dealing, and

promissory estoppel. In February 1998, the claims were tried to a jury which returned a special verdict finding that NHG breached a contract with Pinnacle and that Dominium did not tortiously interfere with the contract. The jury was not required to answer the interrogatories regarding promissory estoppel and intentional interference with prospective contract. The jury awarded Pinnacle damages in the amount of $18,300,000.00.

Following trial, NHG moved for a stay of enforcement of the judgment. The court ordered that enforcement would be stayed if NHG posted a bond in the amount of $250,-000.00 within 20 days. *See* Order dated March 18, 1998. NHG and Pinnacle filed post-trial motions. By order dated April 30, 1998, the court granted in part and denied in part NHG's motion for judgment as a matter of law. *See Dominium Management Services, Inc. v. Nationwide Housing Group*, 3 F.Supp.2d 1054 (D.Minn.1998). The court vacated the jury's verdict in the amount of $15,500,000.00, and entered judgment against NHG and NDG in the amount of $2,800,-000.00 ("Judgment"). In the event of reversal, the court conditionally granted NHG's alternative motion for new trial, unless Pinnacle consents to remit $15,500,000.00 of the jury's damages award.

NHG did not post a bond to stay execution of the judgment within the allotted time period. On April 13, 1998, at the expiration of the twenty-day period, Pinnacle filed a complaint in California state court. In the California complaint, Pinnacle and a Pinnacle Joint Venture, which was assigned interests in the judgment, seek relief from Dominium limited partnerships which are comprised of corporations and institutional investors which were the subject of the NHG–Dominium transaction, and their new general partners which are comprised of Minnesota limited liability companies. The complaint also names NHG Officers Michael W. Weyrick ("Weyrick"), G. David Slajchert ("Slajchert"), and Laura D. Lynch ("Lynch"), as individual defendants. The complaint alleges eight claims, including partnership liability, declaratory relief, breach of contract, express indemnity, intentional interference with contractual relations and prospective economic advantage, negligent interference with prospective economic advantage, negligent misrepresentation, and promissory estoppel.

Dominium moves for an injunction enjoining Pinnacle from proceeding with the California action. Dominium argues that the court has authority to issue an injunction and that the court should exercise its authority to enjoin Pinnacle from proceeding in California state court in order to promote judicial economy and to protect the parties from harassing and duplicative litigation. Pinnacle opposes the motion and asserts that the Anti–Injunction Act bars the court from acting and no exception to the Act applies because the California litigation does not seek to relitigate the same claims against Dominium which were tried in this court. Rather, Pinnacle characterizes the California action as a collection effort to satisfy the judgment. Pinnacle claims that basic principles of California partnership law obligate the partnerships to pay the judgment because it is an obligation which their general partner incurred in the course and scope of its duties as their general partner.

## DISCUSSION

The Anti–Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. By limiting the federal courts' interference with state court proceedings, Congress attempted to strike a balance in the tensions inherent in "a dual system" of federal and state courts. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145–46, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). Thus, the Anti–Injunction Act's "basic purpose is to prevent 'needless friction between state and federal courts.'" *Mitchum v. Foster*, 407 U.S. 225, 232–33, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) (quoting *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 537 (1940)). Dominium seeks a stay of the California state court proceedings pursuant to the third exception, which is known as the relitigation exception.

In *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), the Supreme Court discussed the relitigation exception and recognized that the relitigation exception is "founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo*, 486 U.S. at 146. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id.* at 147; *see also New York Life Ins. Co. v. Deshotel*, 946 F.Supp. 454, 465 (E.D.La.1996) (citing standard articulated in *Chick Kam Choo*). The Supreme Court stated that "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." 486 U.S. at 148. The Court further described the application of the prerequisite as "strict and narrow." *Id.*

Since the Supreme Court's decision, there has been a debate in the lower courts about the proper scope of the relitigation exception with respect to whether the relitigation exception applies to only those matters actually litigated or whether the relitigation exception includes the full protection of res judicata to also preclude claims which could or should have been raised in the federal action. *See, e.g.,* Erwin Chemerinsky, Federal Jurisdiction § 11.2.4, at 656 (2d ed.1994). In asserting the relitigation exception, Dominium analyzes the doctrine of res judicata and argues that all of the California claims, including those that could or should have been raised in the federal court, are barred because the requirements of res judicata have been satisfied. Pinnacle argues that Dominium is applying the wrong legal standard for the relitigation exception.

The greater weight of authority interprets *Chick Kam Choo* as prohibiting a " 'federal injunction against state proceedings, based on the claim-preclusive or issue-preclusive effect of a federal judgment, unless the judgment has actually decided the claim or issue in question.... It requires an assessment of the precise state of the record and of what the earlier federal order actually did.' " *See*

*Texas Commerce Bank National Ass'n v. State of Florida*, 138 F.3d 179, 182 (5th Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4226, at 300 (2d ed. 1988 & Supp.1998)); *see also In re G.S.F. Corp.*, 938 F.2d 1467, 1478 (1st Cir.1991) (recognizing narrow construction of Supreme Court's decision); *Nationwide Mutual Ins. Co. v. Burke*, 897 F.2d 734, 737 (4th Cir.1990) (limiting preclusive effect of federal judgment for purposes of an injunction to claims or issues which were actually decided by the federal court); *American Town Center v. Hall 83 Associates*, 912 F.2d 104, 112 n. 2 (6th Cir.1990) (noting that additional claims in the state court proceedings limited the federal court's authority to enjoin); *Deshotel*, 946 F.Supp. at 465 (recognizing that the Fifth Circuit narrowly applies the relitigation exception to only those matters that were actually litigated in federal court).

These courts recognize that the relitigation exception does not provide the same preclusive effect as the doctrine of res judicata with respect to claims that could or should have been litigated:

The language and facts of *Chick Kam Choo* make clear that the part of the relitigation exception to the Anti–Injunction Act that is based on concerns of res judicata is more narrowly tailored than the doctrine of res judicata. The relitigation exception does not protect the full res judicata effect of a federal court's judgment; rather, it protects only matters that actually have been decided by a federal court. *See Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 586 (11th Cir.1983) (declining to enjoin state action where claim could have been, but was not, brought in previous federal action). Undoubtedly, res judicata can bar claims that might and should have been raised but were not, *see Federated*, 452 U.S. at 398, 101 S.Ct. at 2427, but, for Anti–Injunction Act purposes, only "relitigation" can be enjoined. Here, the proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court, "which [is] presumed competent to resolve" such matters, *Chick*

*Kam Choo*, 108 S.Ct. at 1691; *see also Delta Air Lines*, 708 F.2d at 586 (assertion of res judicata should be directed to state forum).

*Staffer v. Bouchard Transportation Co., Inc.*, 878 F.2d 638, 643 (2d Cir.1989); *see* Richard P. Cusick, *Procedural Impediments to the Resolution of Mass Tort Cases: The anti-Injunction Act and the Due Process Clause*, 12 Ohio St. J. on Disp. Resol. 485, 498 (1997) (describing *Chick Kam Choo* as crafting "a hybrid standard based on issue preclusion and claim preclusion in order to restrict the power of federal courts to predetermine the res judicata effect of their decisions").

The Ninth Circuit Court of Appeals has taken a different view with respect to the interpretation of *Chick Kam Choo*. Dominium asserts that the Ninth Circuit took to task the other Circuits and correctly interpreted the Supreme Court precedent. In *Western Systems, Inc. v. Ulloa*, 958 F.2d 864 (9th Cir.1992), *cert. denied*, 506 U.S. 1050, 113 S.Ct. 970, 122 L.Ed.2d 125 (1993), the Ninth Circuit disagreed with the other Circuits by analyzing the Supreme Court's language stating that the relitigation exception is " 'founded in the well-recognized concepts of res judicata and collateral estoppel.' " 958 F.2d at 870 (quoting *Chick Kam Choo* ). The Ninth Circuit opined that:

> To read *Choo* as the other Circuits have, however, would in essence be to read res judicata entirely out of section 2283. Any issue which was 'actually litigated' by the parties in a prior proceeding will be barred by collateral estoppel ("issue preclusion") without any need to rely on res judicata ("claim preclusion"). It is also contrary to the language of *Choo*, which would bar relitigation of "claims or issues [that] actually have been decided."

*See id.; see also* George A. Martinez, *The Anti-Injunction Act: Fending Off the New Attack on the Relitigation Exception*, 72 Neb. L.Rev. 643, 659–60 (1993) (criticizing the majority of federal courts' interpretation of *Chick Kam Choo* ). In light of this decision, Dominium asserts that the traditional requirements of res judicata have been satisfied in that all of the California claims could

or should have been raised in the federal action.

The Eighth Circuit Court of Appeals has not directly spoken on the issue of whether the relitigation exception includes the full protection of res judicata to bar claims which could or should have been raised in the federal action. The Eighth Circuit has, however, discussed the relitigation exception since the Supreme Court's decision in *Chick Kam Choo*. In *Daewoo Electronics Corp. of America, Inc. v. Western Auto Supply Co.*, 975 F.2d 474, 477 (8th Cir.1992), the Eighth Circuit recognized the "essential prerequisite" articulated in *Chick Kam Choo*, that the claims and issues must "have actually been decided by the federal court." *Id.* (citing *Chick Kam Choo* ). In addition, the Eighth Circuit's decisions which have discussed the relitigation exception have included facts in which the claims and issues were actually litigated in the federal action. *See In re SDDS, Inc.*, 97 F.3d 1030, 1039 (8th Cir.1996) (recognizing that the issues being litigated in state court were "actually and finally decided" in the federal action); *National Basketball Ass'n v. Minnesota Professional Basketball, Ltd.*, 56 F.3d 866, 872 (8th Cir.1995) (citing *Chick Kam Choo* and stating that the district court did not exceed the scope of the relitigation exception by enjoining issues already decided in the federal court); *Rath v. Gallup, Inc.*, 51 F.3d 791, 792–93 (8th Cir. 1995) (analyzing issues which were "actually litigated" for collateral estoppel purposes under the relitigation exception).

Although Dominium argues that *Daewoo Electronics* demonstrates that the Eighth Circuit applies the relitigation exception to bar claims that could have been litigated, the court disagrees. *Daewoo* involved a breach of contract action in which Daewoo Electronics Corporation of America, Inc. ("Daewoo"), supplied VCRs to Western Auto Supply Company ("Western Auto"). 975 F.2d at 474. In the diversity action, Daewoo sought payment for VCRs delivered to Western Auto at the company's request. Western Auto acknowledged its refusal to pay for the VCRs, but denied liability, alleging that the debt for the VCRs was properly set off against cover costs incurred as the result of the electronics company's repudiation of a

separate contract for the sale of television sets. Western Auto also filed a counterclaim alleging that it incurred cover costs as a result of Daewoo's breach of contract for the sale of televisions.

The district court entered default judgment against Daewoo and heard evidence on Western Auto's counterclaim damages. Western Auto argued that the dispute over the cover costs for television sets was adjudicated in Western Auto's favor by the district court's dismissal of Daewoo's complaint with prejudice. The district court agreed and awarded Western Auto damages on the counterclaim. Daewoo then filed a complaint against Western Auto in state court seeking to recover damages pursuant to an agreement in which "plaintiff [Daewoo] agreed to sell and defendant [Western Auto] agreed to buy merchandise manufactured or distributed by plaintiff." *Id.* at 476–77. Daewoo challenged the cover expenses allegedly incurred by defendant.

Western Auto sought an injunction under the relitigation exception. In opposing the injunction, Daewoo asserted that the relitigation exception did not apply to its claims because it sought a different amount of damages in state court, and that the issue being litigated in state court was the counterclaim in the federal action, which the district court's order dismissing Daewoo's complaint did not adjudicate. In affirming the injunction, the Eighth Circuit explained that Daewoo misconstrued the nature of the district court's order dismissing Daewoo's complaint with prejudice. *Id.* at 478. Since the action was dismissed with prejudice, the district court dismissed all of Daewoo's claims, which included the liability issue. The liability issue necessarily subsumed the cover damages claimed by Western Auto and awarded by the district court. The Eighth Circuit determined that the relitigation exception applied. In reviewing the counterclaim in the federal action and Daewoo's claim in the state action, this court recognizes that the issues were identical. Although the Eighth Circuit discussed the concept of res judicata, the result in *Daewoo* is consistent with the interpretation of *Chick Kam Choo* which limits the relitigation exception to only those claims or issues actually litigated.

■ After considering the respective positions of the various courts and Eighth Circuit precedent, the court agrees with the greater weight of authority that the relitigation exception is limited to allow a court to enjoin only those claims or issues which were actually litigated in the federal action. Although the Court recognized that the exception was founded on principles of res judicata and collateral estoppel, the Supreme Court did not state that the relitigation exception completely incorporates the doctrines of res judicata and collateral estoppel. *See Texas Commerce*, 138 F.3d at 182 n. 4 (recognizing that the Anti–Injunction Act does not include language about res judicata and collateral estoppel). In addition, the narrow construction is consistent with the purposes of the Anti–Injunction Act and the well-established principle that federal courts are to apply the exceptions with restraint. Thus, to correctly apply the relitigation exception, the court must decide whether the claims and issues asserted in the California litigation were actually litigated in this court.

■ In this case, the claims asserted by Pinnacle against Dominium for intentional interference with contract and intentional interference with prospective contractual relationships pertained to Dominium's interference with the relationship between NHG and Pinnacle. Dominium and Pinnacle litigated those claims which were tried to a jury. Pinnacle's breach of contract claim and promissory estoppel claim against NHG were also litigated and tried to a jury. In the California complaint, the action is summarized as follows:

Pinnacle sued the partnerships' original general partner for breach of contract in the United States District Court in Minnesota and, after a jury trial, obtained a judgment for $18.3 million ... However, the general partner has insufficient assets to satisfy the Judgment. Therefore, Pinnacle and its assignee now bring this action against the partnerships, and certain other parties responsible for the partnerships' debts, to recover upon the Judgment

or, in the alternative, to recover damages according to proof.

California Complaint at ¶ 2. In reviewing Pinnacle's causes of action for partnership liability, declaratory relief, breach of contract, and express indemnity the court recognizes that these claims seek derivative liability pursuant to California partnership law. These claims were not actually litigated and decided by the jury or the court in this federal action. The relitigation exception cannot operate to enjoin Pinnacle from proceeding with these claims. With respect to the remaining claims, Pinnacle apparently concedes that it has alleged duplicative claims against the partnerships and the NHG principals, but represents that it has asserted the underlying claims merely as a precaution against challenges to the binding effect of the judgment against NHG and NDG. In addition, Pinnacle emphasizes that these claims are only asserted in the alternative to the partnership liability claims. Because Pinnacle asserts claims that were not actually litigated in this court, the blanket injunction which Dominium seeks is clearly inappropriate. However, the court may enjoin those claims and issues which were actually litigated, including the intentional interference claims and the promissory estoppel claims.

■ Even if a court may issue an injunction within an exception of the Anti–Injunction Act, the court is not required to do so. See Chick Kam Choo, 486 U.S. at 151 (recognizing "the fact that an injunction may issue under the Anti–Injunction Act does not mean that it must issue"); see also Merle Norman Cosmetics, Inc., 936 F.2d 466, 468 (9th Cir. 1991) (observing that the issuance of an injunction is discretionary with the court). In making this decision, the court "must be guided by 'general principles of equity, comity, and federalism.'" See Merle Norman, 936 F.2d at 468 (quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 526, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)); see also Silcox v. United Trucking Service, Inc., 687 F.2d 848, 850 (6th Cir.1982) (emphasizing that "the principles of equity, comity, and federalism oblige federal courts to act with great restraint, even where the power to grant an injunction has been found to lie with one of the exceptions to the Anti–Injunction

Act"). The court agrees with the Merle Norman court that "state courts are just as capable as federal courts in applying applicable law." See Merle Norman, 936 F.2d at 468; Northwest Airlines, Inc. v. Astraea Aviation Services, Inc., 930 F.Supp. 1317, 1330 (D.Minn.1996) (considering whether the state court would consider well-established res judicata principles), aff'd, 111 F.3d 1386 (8th Cir.1997). In addition, the parties will have the opportunity of raising their defenses of res judicata and collateral estoppel in the California state court proceedings.

■ In determining whether an injunction is appropriate, the court must consider the threat of irreparable harm, the balance between the harms, the probability that the movant will succeed on the merits, and the public interest. See SDDS, 97 F.3d at 1041 (stating that the court must consider the factors articulated in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981) (en banc)). In this case, Dominium seeks a preliminary and permanent injunction prohibiting the entire litigation in California. Whereas Dominium has an interest in avoiding duplicative litigation, Pinnacle has an interest in satisfying the judgment obtained in this court. In balancing the equities and the harms to both parties, the court concludes that Dominium will not be irreparably harmed by the California proceedings because there is no indication that the California court will not apply the well-established principles of res judicata. The court determines that an injunction is not warranted in the interests of equity, comity and federalism.

## CONCLUSION

Based upon a review of the file, record, and proceedings herein, **IT IS HEREBY ORDERED** that Dominium's motion to enjoin the California proceedings is denied (Doc. No. 149).